IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED
APR 22 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DYNEX/RIVETT, INC. ) | |
| ) | Case No. 1:12-cv-00707-GLB-TCB |
| Plaintiff, ) | |
| ) | **JOINT PROPOSED** |
| v. ) | **PROTECTIVE ORDER** |
| ) | |
| HAMPIDJAN USA, INC. and ) | |
| HAMPIDJAN Hf, ) | |
| Defendants. ) | |

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1. As used in the Stipulated Protective Order (the "Order"), these terms have the following meanings:

 (a) "Confidential" documents are documents designated pursuant to paragraph 2;

 (b) "Confidential - Attorneys' and Experts' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 6;

 (c) "Counsel" means attorneys of record;

 (d) "Documents" are all materials within the scope of Fed. R. Civ. P. 34 and shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof, whether produced or created by a party or another person and whether produced pursuant to the discovery rules, by agreement or otherwise, and included, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions and briefs, trial and pre-trial testimony and exhibits and any portion of any of the above;

(e) "Party" means any party to this action or its parent organization or owners, including their employees, agents and representatives; and

(f) "Written Assurance" means an executed document in the form attached as Exhibit A hereto.

2. By identifying a document "Confidential," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends to constitute or contain trade secret or other non-public, confidential and/or proprietary business information.

3. Confidential documents and information do not include information that:

(a) is already in the possession of a receiving party or its counsel or their employees, provided such information is not subject to another protective order or other obligation of secrecy to the disclosing party;

(b) is or becomes generally available to the public (other than as a result of disclosure by a receiving party or its counsel or their employees in violation of this Order);

(c) becomes available to counsel for a receiving party on a non-confidential basis from a source other than the disclosing party or one of its representatives, provided that such source is not known by the receiving party to be bound by a confidentiality agreement with or other obligation of secrecy to the disclosing party with respect to the information disclosed; or

(e) has been independently developed by the receiving party or its counsel without violating any of the receiving party's obligations under this Order.

4. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the

documents to any person other than those specified in paragraph 5. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

5. In the absence of written permission from the disclosing party or an order of this Court, "Confidential" documents and/or information shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity or judicial tribunal other than:

(a) Persons who appear on the face of the "Confidential" material as an author, addressee or recipient thereof, or persons who have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing or in whose files the document or thing was found;

(b) This Court or a court with appellate jurisdiction and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical and other lay personnel;

(c) Counsel for the parties, including co-counsel and counsel employed directly by any party, any partners, associates, agents and regularly employed staff and support personnel of such counsel to the extent necessary to render professional services in this action, and any duplicating, photocopying and document scanning/coding/management contractors employed by counsel in this action;

(d) Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its counsel to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action;

(e) Any party in this action, to the extent deemed necessary by counsel for that party for the prosecution, defense or settlement of this action; and

(f) Any deponent in this action, to the extent that any such deponent first reviews this Order and signs Exhibit A hereto.

6. The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential - Attorneys' and Experts' Eyes Only." Disclosure of such information shall be limited to the persons designated in paragraphs 5(a), (b), (c), (d) and (f).

7. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential - Attorneys' and Experts' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of this Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential - Attorneys' and Experts' Eyes Only" for a period of fourteen (14) days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential - Attorneys' and Experts' Eyes Only" pursuant to the terms of this Order.

8. Each person appropriately designated pursuant to paragraphs 5(d) and (f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least five (5) days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person or deponent to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within

five (5) days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9. All depositions or portions of depositions taken in this action that constitute or contain trade secret or other non-public, confidential and/or proprietary business information may be designated "Confidential" or "Confidential - Attorneys' and Experts' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential - Attorneys' and Experts' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential - Attorneys' and Experts' Eyes Only" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential - Attorneys' and Experts' Eyes Only" shall have 14 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

11. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within ten (10) days of receiving such a written request. The inadvertent disclosure in the course of discovery of any document or

information shall not be deemed to waive whatever attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or other information, as long as the disclosing party or third party promptly after discovery of the inadvertent production, notifies the other party or parties of the claim or other protection or immunity. The receiving party shall not seek an order compelling production of the inadvertently-disclosed documents or information on the ground that the disclosing party has waived or is estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced documents and/or information. Notwithstanding the foregoing, the receiving party may challenge the disclosing party's claim that the disclosed documents and/or information are legally privileged and/or confidential but shall take no further action inconsistent with the designation until the challenge is resolved.

12. If a party files a document containing Confidential information with the Court, it shall do so in compliance with Local Civil Rule 5 of the Eastern District of Virginia. Documents filed under seal shall also be filed together with a simultaneous motion pursuant to Local Rule 5 and shall be placed in an envelope bearing the following legend:

> This document is filed under seal in *Dynex/Rivett, Inc. v. Hampidjan USA, et al.*, Civil Action No. 1:12cv707, pursuant to the Stipulated Protective Order of this Court entered on, _____ 2013. These documents contain Confidential information within the meaning of the Stipulated Protective Order. Unless ordered by the Court or authorized in writing by the party filing this document, no person shall have access to the contents of this envelope.

Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential - Attorneys' and Experts' Eyes Only," the parties may seek further protections against public disclosure from the Court.

13. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential - Attorneys' and Experts' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to within seven (7) days of any such request, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential - Attorneys' and Experts' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

14. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

15. Any party may apply to the Court for a modification of this Order, and nothing herein shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No action taken in accordance with this Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17. The obligations imposed by this Order shall survive the termination of this action, and the Court shall retain jurisdiction over the parties for enforcement of its provisions. Within sixty (60) days following the expiration of the last period for appeal from any order issued in

connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

Stipulated to:

Date: April 19, 2013

By: s/ Molly McKinley
Molly McKinley (Admitted *Pro Hac Vice*)
Jansson Munger McKinley & Shape Ltd.
245 Main Street
Racine, Wisconsin 53403
T: (262) 632-6900
Email: mmckinley@janlaw.com

*Counsel for Dynex/Rivett, Inc.*

Date: April 19, 2013

By: s/ Edward A. Pennington
Edward A. Pennington
Smith, Gambrell & Russell, LLP
1055 Thomas Jefferson St., N.W., Suite 400
Washington DC 20009
T: (202) 263-4300
Email: epennington@sgrlaw.com

*Counsel for Hampidjan USA and Hampidjan Hf*

**SO ORDERED:**

April 22, 2013

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Theresa Carroll Buchanan
U.S. Magistrate Judge

# EXHIBIT A

## Written Assurance

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____,

county _____, state of _____;

I am currently employed by _____ located at

_____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. _____, pending in the United States District Court for the Eastern District of Virginia, Alexandria Division. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential - Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential - Attorneys' Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                 (Date)                                      (Signature)